IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ANTHONY WILLIAMS     *
     Plaintiff,
v.                                    *    CIVIL ACTION NO. WDQ-12-1615

STATE OF MARYLAND                *
     Defendant.
                                             ***

MEMORANDUM

On May 30, 2012, Michael Anthony Williams ("Williams") filed a complaint alleging his civil rights had been violated. ECF No.1. He states that in March of 2011, he received an unfair jury trial due to prosecutorial misconduct and ineffective assistance of counsel. He seeks a new trial and punitive damages of $45.00 per hour for every hour he is incarcerated.[1] *Id.* Because he appears indigent, Williams' Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) will be granted.

While *pro se* actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[2] *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief must contain: a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Although a complaint need not contain detailed

---

[1] In his complaint, Williams stated that a related case is pending before this Court. In that case, Williams sued the state of Maryland and law enforcement officials over injuries sustained when he was arrested on the charges for which he was eventually imprisoned. *See Williams v. Maryland*, No. 11-2972-WDQ, ECF No. 1 (D. Md. Oct. 18, 2011). Judgment was entered for the defendants on June 5, 2012. *Id.* ECF No. 24 (D. Md. Jun. 5, 2012)

[2] A federal court does not act as an advocate for a *pro se* claimant. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require that plaintiff provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

From a review of the Maryland state court criminal docket relevant to the claims at issue, it appears that on March 25, 2011, Williams was convicted of second-degree assault and fourth-degree theft and sentenced to a cumulative thirteen-year term in the Circuit Court for Baltimore County in *State v. Williams*, Criminal Case No. 03K10004444. *See http://casesearch.courts.state.md.us/inquiry/inquiry Detail.* He remains confined on his convictions. To the extent that Williams is seeking to file a civil rights complaint under 42 U.S.C. § 1983 regarding the 2011 criminal conviction, he is precluded from doing so as his complaint is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, an Indiana state prisoner sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7 (emphasis in original).

Williams' claims regarding prosecutorial misconduct and ineffective assistance of defense counsel are inextricably interwoven with the constitutionality of his 2011 criminal convictions because his rights to a fair trial and effective assistance of counsel arise under the Sixth Amendment to the Constitution. Unless those convictions are reversed or otherwise invalidated, these claims cannot proceed under 28 U.S.C. § 1983. Consequently, this § 1983 complaint for damages may not proceed at this time and shall be summarily dismissed without prejudice. A separate Order follows.

Date: June 7, 2012.

William D. Quarles Jr.
United States District Judge

3